## BICE *v.* WALKER.

SALE—BREACH OF WARRANTY—RECOUPMENT.

    Plaintiff sold defendant a restaurant, including a soda fountain that had been but partly paid for, the title to which remained in the vendor. A bill of sale was executed in the usual form, but stating that $200 was unpaid on the fountain, which defendant was to pay. Defendant soon learned that more than that amount was unpaid, but did not attempt to rescind the sale; nor did he make any payments on the fountain, which was retaken by the vendor. *Held*, that he could not complain of a judgment against him for the balance of the purchase price of the restaurant, less the difference between the $200 he had agreed to pay on the fountain and the amount for which he could have settled with the vendor.

Error to Ionia; Davis, J. Submitted June 11, 1902. (Docket No. 61.) Decided June 27, 1902.

*Assumpsit* by Dora Bice against John W. Walker to recover the balance of the purchase price of certain chattels. From a judgment for plaintiff, defendant brings error. Affirmed.

*R. A. & W. E. Hawley*, for appellant.

*Chaddock & Scully*, for appellee.

MOORE, J.    Plaintiff sued to recover $300 and interest. The case was tried by the circuit judge, who made findings of fact and law, and entered a judgment in favor of plaintiff for $222.18.    The case is brought here by writ of error.

The record discloses that in October, 1897, plaintiff sold defendant her restaurant and bakery for $500.    There was at this time in the restaurant a soda fountain bought of one Zwietusch for $450, the title to which was to remain in him until paid for, and two soda founts bought of Tufts for $60, the title to which was not to pass until paid for. The plaintiff gave defendant a bill of sale in the usual form.    These soda founts and the soda fountain were included in the list of articles mentioned in the bill of sale. The closing part of the bill of sale was as follows:

"In witness whereof I have hereunto set my hand and seal this 9th day of October, A. D. 1897.

"There is $200.00 yet to pay on soda fountain, which Mr. Walker is to pay.

"DORA BICE.    (L. S.)"

The defendant did not sign this bill of sale.    He paid $40 at the date of the bill of sale.    October 23, 1897, he accepted an order given Mr. Dehn for $120, due, $40 on December 9th, January 9th, and February 9th.    These amounts he paid with another payment, making $200 paid in all by him.    The two soda founts were taken from him on the 12th day of November.    He knew as early as the 1st of December that Mr. Zwietusch claimed there was more than $200 due on the soda fountain, and had some correspondence with him about a settlement of his claim.

December 9th Mr. Zwietusch accepted an offer made by
Mr. Walker, but for some reason it was not carried out.
December 18th he offered to accept $217.82 as the balance
due him on the soda fountain. This was not paid, nor
was any payment made by Mr. Walker to apply on the
soda fountain. In the latter part of February or the first
of March it was taken away by Mr. Zwietusch. When
Mr. Walker learned the situation as to the soda founts
and the soda fountain, he did not attempt to rescind the
sale and return the property to Mrs. Bice, and he has
never returned any part of it to her. He did not pay Mrs.
Bice the $300 she claimed was due her, and this suit was
brought to recover that amount.

Upon the trial Mrs. Bice sought to show that Mr.
Walker was informed, at the time the bill of sale was
drawn, that nothing had been paid on the two soda founts,
but the court refused to permit her to do so. Upon the
trial it did appear that Mr. Walker was informed that
the payments made upon the soda fountain were repre-
sented by notes, which were taken up at the time the sev-
eral payments were made, all of which notes were, at the
time the bill of sale was drawn, delivered to Mr. Walker,
so that, if he had looked over these notes, he was fully
advised of the amount of payments which were actually
made. It was the claim of plaintiff that Mr. Walker was
told the amount remaining unpaid was $200 and the in-
terest. It is the claim of defendant that, as the bill of sale
represented the title of the soda founts and the soda foun-
tain to be in the plaintiff, and but $200 was unpaid upon
the soda fountain, when it appeared this was not so there
was a breach of the contract, and defendant was not
obliged to pay more than $200 upon the soda fountain,
and if, as a result of his refusal to do so, the soda fountain
was taken away from him, that he could recoup the value
of the soda founts, $60, and the value of the soda fountain
less the $200, which would be $250, amounting in all to
$310; and, as this was more than the $300 unpaid to Mrs.
Bice, a judgment should have been rendered in his favor.

The circuit judge held that Mrs. Bice was bound by the statements contained in the bill of sale, and refused to consider the oral testimony as to what was told to Mr. Walker. He allowed the defendant, by way of recoupment, $60, the value of the two soda founts, and also allowed him the difference between the $200 he had agreed to pay and the $217.82, for which Mr. Walker could have settled with Mr. Zwietusch.

As the plaintiff has not appealed, we are not called upon to decide whether the court erred in refusing to consider the oral testimony, but we are all agreed that defendant has no reason to complain of the result reached by the circuit judge.

Judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.